**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CIVIL ACTION NO. 4:05-CV-184**

| | |
|---|---|
| **ROBERT P. MOORE and** | |
| **JUDITH K. MOORE** | **PLAINTIFFS** |
| **V.** | |
| **IRVING MATERIALS INC.,** | |
| **PEYRONNIN CONSTRUCTION CO., and** | |
| **FIDELITY AND DEPOSIT COMPANY** | |
| **OF MARYLAND** | **DEFENDANTS** |
| **V.** | |
| **IRVING MATERIALS, INC.,** | |
| **IMI SOUTH, LLC,** | **THIRD- PARTY PLAINTIFFS** |
| **V.** | |
| **HANSON PLC, HBMA HOLDINGS, INC.,** | |
| **HANSON AGGREGATES EAST, INC., and** | |
| **HANSON AGGREGATES MIDWEST, INC.** | **THIRD-PARTY DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by Third-Party Plaintiffs, Irving Materials, Inc., and Irving South, LLC (collectively "IMI") to dismiss without prejudice its Third-Party Complaint against Third-Party Defendants, Hanson PLC, HMBA Holdings, Inc., Hanson Aggregates Midwest, Inc., and Hanson Aggregates East, Inc.(collectively "Hanson"). (DN 132). Fully briefed, this matter is ripe for decision. For the following reasons, IMI's motion to dismiss without prejudice is **GRANTED**.

**I. FACTS**

Third-Party Plaintiff IMI is a ready-mix concrete producer that supplies concrete for residential and building projects, such as foundations, footers, driveways, sidewalks, parking lots, and patios, in and around Madisonville, Kentucky. Third-Party Defendant Hanson Midwest is a limestone coarse aggregate supplier; it owns and operates quarries from which it mines stone, or "aggregate," of varying sizes and types, to sell

to customers who use the aggregate for a variety of purposes. From September 1997 to March 2000, IMI purchased limestone aggregate from Hanson Midwest (mined from Hanson Midwest's Princeton Quarry) to use in concrete mixes. In 2000, some of IMI's concrete began showing signs of distress. To date, over 529 different concrete projects are undergoing deterioration or distress around Madisonville. Tests conducted by IMI show that some of the deterioration may be caused by what is known as "alkali carbonate reactivity," which can cause significant expansion in concrete. IMI contends that its concrete is suffering from this reaction because the aggregate it obtained from Hanson Midwest's Princeton Quarry was defective.

In February 2003, IMI filed suit against Hanson in Hopkins County (Kentucky) Circuit Court. In that suit, IMI asserted breach of contract, breach of implied and express warranties, fraud, and negligence claims against Hanson. Since the time that the state suit was filed, 528 property owners have brought claims in state court related to damage allegedly caused by IMI's defective concrete and most are being tried as part of a class action.

In December 2005, Robert and Judith Moore, owners of one of the properties damaged by the defective concrete, brought the instant action against IMI in this Court. On September 12, 2006, IMI filed a Third-Party Complaint against Hanson asserting that Hanson was liable for any damages sustained by the Moores. IMI's Third-Party Complaint asserted the same claims that IMI had already asserted against Hanson in the pending state court action.[1] Hanson's Answer to IMI's Third-Party Complaint asserted a "counterclaim." Hanson stated that it was "entitled to judgment against IMI...for all actual damages...as may be established at trial, as well as the costs of defense, including attorneys' fees and court costs, incurred in the defense of this case and all cases concerning the defectiveness or deficiency of IMI's concrete." (DN 46).

---

[1] In Hanson's Answer to IMI's Third-Party Complaint, Hanson asserted a "counterclaim." Hanson states that it "is entitled to judgment against IMI...for all actual damages...as may be established at trial, as well as the costs of defense, including attorneys' fees and court costs, incurred in the defense of this case and all cases concerning the defectiveness or deficiency of IMI's concrete." (DN 46)

2

In February 2007, Hanson filed summary judgment motions on each claim asserted by IMI.[2] On August 13, 2007, the parties participated in a settlement conference. At this conference, the Moores' complaint was fully and finally settled against all Defendants and the Moores' complaint was dismissed with prejudice. Accordingly, the only claims that now remain before the Court are IMI's claims against Hanson - the very same claims that are pending in the state court action. IMI filed this motion to dismiss the remaining claims pursuant to Fed. R. Civ. P. 41(a)(2).

## II. ANALYSIS

Fed. R. Civ. P. 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by defendant prior to service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed unless the counterclaim can remain pending for independent adjudication by the Court." The Sixth Circuit has held that 'a voluntary dismissal should be granted in most cases unless the defendant will suffer 'some plain prejudice other than the mere prospect of a second lawsuit.'" Fawns v. Ratcliff, 1997 U.S. App. LEXIS 17206, *6 (6th Cir. 1997)(quoting Hartford Accident & Indemnity Co. v. Costa Lines Cargo Servs., Inc., 903 F.2d 352, 360 (5th Cir. 1990)). In determining whether a defendant will suffer "prejudice" as a result of dismissal, a district court is to consider such factors as:

1) how much effort and expense the defendant has invested in preparation for trial;
2) whether the plaintiff has caused excessive delay or has not been diligent in prosecuting the action;
3) whether the plaintiff has offered an insufficient explanation for the need to take a dismissal; and
4) whether the defendant has filed a motion for summary judgment.

Id. at *7 (citing Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994)). Furthermore, "at the point when the law clearly dictates a result for the defendant, it is unfair to submit him to continued exposure to potential liability by dismissing the case without prejudice." Grover, 33 F.3d at 718.

---

[2]These summary judgment motions were based on evidence gained though discovery in the state court action and the briefs filed in support of these motions are almost identical to the briefs that Hanson has filed in support of its summary judgment motions in the state court action.

3

Based on the above factors, Hanson first argues that the claims brought against it in this action should not be dismissed because it has undertaken significant efforts to defend itself against those claims in this Court. As evidence of its efforts, Hanson points to its motion to dismiss, its four motions for summary judgment, and the multiple rounds of briefs filed in support of these motions. Hanson also argues that it invested considerable effort and expense in preparing for and traveling to proceedings before this Court - including both a settlement conference and oral arguments. In response to this argument, however, the Court notes that before most of Hanson's substantive motions were filed in this Court - including its motion to dismiss and three of its summary judgment motions, they had already been prepared and filed in the pending state court action. Additionally, these summary judgment motions were supported by evidence gained solely through discovery in the state court action. While the Court does not find that the expense Hanson has incurred litigating in this Court weighs against dismissal, the Court will consider Hanson's request to recover these costs and expenses.

Hanson next argues that IMI was not diligent in prosecuting this action and delayed seeking dismissal. Hanson contends that if IMI sought dismissal, it should have done so well before the present time. IMI responds that it only decided to seek dismissal after the Moores' claims against it were settled on August 13, 2007. The Court finds IMI's argument persuasive.

Hanson next contends that IMI's explanation of the need for dismissal is insufficient. IMI asserts that dismissal is now proper because it has settled with the Moores and the only claims now remaining before the Court are also pending in the state court action. Hanson argues that because IMI's claims against it were already pending in state court, IMI voluntarily included Hanson in the action before this Court and caused it to incur significant time and expense. It argues that to dismiss the claims against it now would be unfair. The Court, however, agrees that dismissal is proper. The issues before the Court should be resolved in the state court action - where IMI's claims against Hanson were first brought 4 1/2 years ago, where 528 related claims are pending, and where the parties have taken over 45 depositions and produced more than 15,000

4

pages of discovery documents.

The fourth factor to be considered - whether a summary judgment motion has been filed - does weigh in favor of Hanson.  Indeed, Hanson has filed four summary judgment motions in this action. However, as noted above, three of Hanson's four summary judgment motions were previously filed in the state court action and remain pending there.

Finally, Hanson argues that its pending "counterclaim" prevents dismissal of the action.  As noted above, Hanson asserted in its Answer that it is  "entitled to judgment against IMI...for all actual damages...as may be established at trial, as well as the costs of defense, including attorneys' fees and court costs, incurred in the defense of this case and all cases concerning the defectiveness or deficiency of IMI's concrete." (DN 46).  The Court believes that Hanson erred when it designated this claim for indemnity as a counterclaim - the claim is purely defensive and not offensive.  Thus, the Court finds that  this pleading is more properly viewed  as an affirmative defense. See Fed. R. Civ. P. 8(c)("When a party has mistakenly designated a defense as counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."). Accordingly, the Court concludes that there is no counterclaim pending in this action that precludes dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). See Hinfin Realty Corp. v. Pittston Co., 206 F.R.D. 350, 354-355 (E.D.N.Y. 2002))(finding pleading labeled "counterclaim" did not preclude Rule 41(a)(2) dismissal since pleading should have been designated an "affirmative defense").

Thus, based on a consideration of the above factors, the Court concludes that dismissal is warranted here.  The Court finds that Hanson would suffer no plain "legal prejudice" in the event of dismissal.  Further, to the extent that Hanson alleges that is has invested considerable time, effort and expense, unique to the action before this Court, the Court will consider allowing Hanson to recover for such following its submission of evidence of these amounts.

## III. CONCLUSION

For the foregoing reasons, IMI's motion to dismiss its claims without prejudice is **GRANTED**. However, Hanson may submit evidence of the costs it has incurred, as a result of this action only, for the Court's consideration.  **IT IS SO ORDERED**.

cc: Counsel of Record