**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO**

**CIVIL ACTION NO. 4:05-CV-184**

| | |
|---|---|
| **ROBERT P. MOORE and** | |
| **JUDITH K. MOORE,** | **PLAINTIFFS** |
| **V.** | |
| **IRVING MATERIALS INC.,** | |
| **PEYRONNIN CONSTRUCTION CO., and** | |
| **FIDELITY AND DEPOSIT COMPANY** | |
| **OF MARYLAND,** | **DEFENDANTS** |
| **V.** | |
| **IRVING MATERIALS, INC.,** | **THIRD- PARTY PLAINTIFF** |
| **V.** | |
| **HANSON PLC, HBMA HOLDINGS, INC.,** | |
| **HANSON AGGREGATES EAST, INC., and** | |
| **HANSON AGGREGATES MIDWEST, INC.,** | **THIRD-PARTY DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by the Hanson Entities for an award of attorneys' fees and litigation expenses. (DN 145). Fully briefed, this matter is ripe for decision. For the following reasons, the motion is **GRANTED in part** and **DENIED in part**.

**I. FACTS**

On October 15, 2007, the Court granted the Third-Party Plaintiff's (IMI's) motion to dismiss all claims brought against Third-Party Defendants, the Hanson Entities, pursuant to Fed. R. Civ. P. 41(a)(2).[1] (DN 144). Fed. R. Civ. P. 41(a)(2) provides that an action may be dismissed upon the

---

[1] For a full recitation of the facts, see the Court's October 15, 2007, Memorandum Opinion and Order. (DN 144).

Plaintiff's request only "upon such terms and conditions as the court deems proper." In its Memorandum Opinion and Order, the Court held that dismissal without prejudice was proper because the very same claims before it were pending in a state court action, which had been brought 4 1/2 years earlier, in which there were 528 related claims pending, and where the parties had already taken over 45 depositions and produced more than 15,000 pages of discovery documents. The Court noted, however, that it would consider allowing the Hanson Entities to recover for the time, effort, and expense it had invested in the action before it and invited the Hanson Entities to submit evidence of such.

## II. ANALYSIS

The Hanson Entities now submit evidence showing that they incurred $149,208.49 in costs in defense of the claims brought before this Court by IMI, including $139,305.50 in attorneys' fees and $9,902.99 in litigation expenses, and argue that they are entitled to recover the full amount in light of IMI's voluntary dismissal of its claims against the Hanson Entities. In response, IMI argues that the Hanson Entities are not entitled to an award of fees and expenses since IMI's motion to dismiss was brought in good faith. IMI argues, in the alternative, that the Hanson Entities should not recover more than $2,228.00 in fees and expenses since they may not be reimbursed for work that will be useful in ongoing or subsequent litigation or work that was unnecessary or duplicative.

Courts frequently award costs and attorneys' fees following the dismissal of a suit without prejudice under Rule 41(a)(2). See, e.g. DWG Corp. v. Granada Investments, Inc., 962 F.2d 1201 (6th Cir. 1992); GAF Corp. v. Transamerica Ins. Co., 665 F.2d 364, 369 (D.C. Cir. 1981). Generally, such awards are granted for the purpose of compensating "the defendant for expenses in preparing for trial in light of the fact that a new action may be brought in another forum." Smoot v. Fox, 353 F.2d 830, 833 (6th Cir. 1965). Thus, the Sixth Circuit has recognized that a "district court's

discretion in awarding costs and fees is limited 'to imposing conditions that will alleviate the harm...that the defendant will suffer if the motion is granted'" and that a district court "should award only those fees representing legal work that could not be used in subsequent litigation on the same claims." Spar Gas, Inc. v. AP Propane, Inc., 1992 U.S. App. LEXIS 17471, * 5 (6th Cir. 1992)(quoting McLaughlin v. Cheshire, 676 F.2d 855, 856 (D.C. Cir. 1982).

Here, the Court notes that neither IMI nor the Hanson Entities initially chose to litigate this matter in federal court and that IMI properly brought the Hanson Entities into this action as Third-Party Defendants after IMI was sued by the Moores here. Further, after IMI reached a settlement agreement with the Moores, it promptly sought dismissal of its claims against the Hanson Entities; indeed, it was the Hanson Entities, and not IMI, who escalated the costs of this litigation by prematurely filing multiple summary judgment motions in the hopes that this court would resolve the claims before the state court. Accordingly, the Court finds that an award of $2,228.00, as suggested in IMI's response, would adequately compensate the Hanson Entities for any harm caused by the dismissal.

### III. CONCLUSION

For the foregoing reasons, the motion is **GRANTED in part** and **DENIED in part**. The Court hereby **ORDERS** IMI to reimburse the Hanson Entities in the amount of $2,228.00.

cc: Counsel of Record